UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                                             Case No.:    2:14-cr-116-SPC-CM

ANTHONY DEON SATCHEL

_____

**OPINION AND ORDER**

Before the Court is Defendant Anthony Satchel's pro se Motion for Early Termination of Probation.  (Doc. 61).  The Government and Probation oppose the request.  (Doc. 62).  For the following reasons, the Court denies the motion.

In May 2015, the Court sentenced Defendant to 151 months' imprisonment and three years of supervised release for drug charges.  (Doc. 38).  Defendant began his three-year term of supervised release in June 2024, so he has completed nearly two-thirds of his term.  (Doc. 61 at 1).  He states that he has remained in full compliance with all terms and conditions the Court imposed and has not incurred any violations, arrests, or new charges. (*Id.*).  Further, he has maintained steady employment and has taken "meaningful steps toward stability."  (*Id.*).  At the bottom of his motion are three character references in support.

After considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released

at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]"  18 U.S.C. § 3583(e)(1).  The relevant § 3553(a) factors are (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution.

After considering the law against the record, the Court will not end early Defendant's supervised release for two reasons.  First, he committed serious drug distribution offenses and, as the Government and Probation remind the Court, is a career offender with multiple prior felony drug convictions.  (Doc. 62 at 2).  Thus, the nature and circumstances of his offense militate against early termination of supervised release.

Second, the main reason for Defendant's request for termination is that he has complied with the conditions of supervised release.  But such compliance is expected, not exceptional.  The burden of supervised release is relatively low, especially when compared to the benefit of deterring Defendant from committing future crimes.  While the Court commends Defendant's

purportedly good behavior, it does not merit the unusual reprieve of termination of supervised release.  The seriousness of Defendant's offense and the need for deterrence justify his continued supervision.  The Court thus finds that keeping Defendant on supervised release is in the best interests of justice, Defendant, and the public.

Accordingly, it is

**ORDERED**:

Defendant Anthony Satchel's pro se Motion for Early Termination of Probation (Doc. 61) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3